953 F.2d 639
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aaron BROCKINGTON, Defendant-Appellant.
 No. 91-5783.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1991.
Decided Jan. 16, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond, No. CR-90-100-R, James R. Spencer, District Judge.
 Argued: Jeffrey Lee Everhart, Tuck & Everhart, Richmond, Va., for appellant; Howard C. Vick, Jr., Assistant United States Attorney, Richmond, Va., for appellee.
 On Brief: Kenneth E. Melson, United States Attorney, Esther Windmueller, Third Year Law Intern, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before K.K. HALL and WILKINSON, Circuit Judges, and ALEXANDER HARVEY, II, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Aaron S. Brockington, Sr., appeals his convictions for conspiracy to possess cocaine with intent to distribute, possession of cocaine and heroin with intent to distribute, engaging in a continuing criminal enterprise (CCE), and interstate travel in aid of racketeering. We affirm all of his convictions except the conspiracy conviction, which we reverse. Consequently, we remand for resentencing.
 
 I.
 
 2
 On April 5, 1990, George Connors was arrested in the District of Columbia for possession of cocaine. He agreed to cooperate with federal prosecutors, and the information he provided led to the arrest of Brockington. Brockington was charged in a ten-count indictment with various violations of 21 U.S.C. § 841 et seq. and 18 U.S.C. § 1952. One count was dismissed prior to trial.
 
 
 3
 At Brockington's trial, Connors testified that he had travelled to New York on numerous occasions to purchase cocaine for Brockington, and that he delivered cocaine for Brockington on a continuing basis. On one occasion, he used airline tickets that were purchased at Brockington's instruction by a person named Kevin. Another witness, Katherine Hubbard, testified that she and her boyfriend distributed cocaine that they received from Brockington. She also testified that four different couriers delivered cocaine to them from Brockington.
 
 
 4
 The court dismissed two possession counts on Brockington's motion for judgment of acquittal, and the jury returned guilty verdicts on the remaining counts. Brockington was sentenced to 262 months of imprisonment on each of the conspiracy and CCE counts, sixty months on each of two interstate travel counts, and 240 months on each of three counts of unlawful distribution of cocaine. All sentences were ordered to run concurrently. This appeal followed.
 
 II.
 
 5
 Brockington argues that the evidence was insufficient to convict him of organizing five or more people in a continuing criminal enterprise, and that the trial court erred in failing to grant him a directed verdict on the charge of engaging in a conspiracy to possess cocaine with intent to distribute.[1] We review each argument in turn.
 
 A.
 
 6
 In order to convict on a charge of maintaining a continuing criminal enterprise in violation of 21 U.S.C. § 848(c) (1988), the government must prove that:
 
 
 7
 1) the defendant violated the federal felony drug laws;
 
 
 8
 2) the conduct was part of a continuing series of violations of the federal drug laws;
 
 
 9
 3) the defendant undertook the activity in concert with five or more persons;
 
 
 10
 4) the defendant occupied a position of organizer, supervisor, or other position of management; and
 
 
 11
 5) the defendant obtained substantial income from the illegal activity.
 
 
 12
 Brockington argues that the evidence was insufficient to prove the third and fourth elements--that he organized or managed five or more people in a continuing series of violations. He concedes that the evidence showed that he supplied, "fronted,"[2] or sold cocaine to five or more persons. He argues, however, that the evidence fails to prove that he exercised any managerial, organizational or supervisory role over them.
 
 
 13
 Brockington concedes that the evidence can prove that Connors was under his direction, and he as much as concedes that Kevin could be considered part of an "organization" as well. Additional relevant evidence was provided by Hubbard, who testified that four different individuals, whom she did not know, delivered Brockington's cocaine to her and Mills. Though Brockington argues that no evidence proves that the couriers operated at his direction, the inference is reasonable that they did.
 
 
 14
 We conclude that, viewed in the light most favorable to the government, the evidence was sufficient to satisfy elements three and four of the offense. Consequently, we affirm the CCE conviction.
 
 B.
 
 15
 Brockington contends that the district court should have directed a verdict on the criminal conspiracy count because the criminal enterprise count expressly incorporated and realleged the conspiracy charge as a predicate offense. We agree.
 
 
 16
 We recently held that "[a] defendant convicted under § 848 [continuing criminal enterprise] may not also be convicted for any predicate conspiracy charges proved as elements of the § 848 offense. 'Congress did not intend that an individual be punished under both § 846 (conspiracy) and § 848 (continuing criminal enterprise).' " United States v. Butler, 885 F.2d 195, 202 (4th Cir.1989) (quoting United States v. Porter, 821 F.2d 968, 967 (4th Cir.1987), cert. denied, 108 S.Ct. 1108 (1988)). Butler controls; consequently, we reverse the conspiracy conviction and remand for resentencing.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.
 
 
 
 [1]
 Brockington raises two additional sufficiency of the evidence arguments, one concerning his conviction on two counts of travel in aid of racketeering in violation of 18 U.S.C. § 1952, and one concerning his conviction for distribution of cocaine in violation of 21 U.S.C. § 841, "on or about November, 1987." We find these arguments to be without merit
 
 
 [2]
 "Fronting" is the practice of supplying drugs on credit